In the Interest of K.R.A.G.,
DOB—11/13/86, A Child.

James WOLD, States Attorney,
Petitioner and Appellee,

v.

T.M., (Minor Mother), A.L.H.,
(Grandmother), Respondents
and Appellants,

and

R.G., (Minor Father), Respondent.

Civ. No. 870141.

Supreme Court of North Dakota.

Feb. 25, 1988.

Robert J. LaBine & Associates, Grand Forks, for respondents and appellants. Submitted on briefs by Patrick O. Sogard.

James W. Wold, State's Atty., Cooperstown, for petitioner and appellee. Submitted on briefs.

GIERKE, Justice.

T.M. and A.H., the mother and grandmother of K.R.A.G., appeal from a juvenile court order finding K.R.A.G. to be a deprived child within the meaning of Section 27–20–02, N.D.C.C., and placing her in the care, custody and control of the Director of the Griggs County Social Service Center. We affirm.

K.R.A.G. (hereafter Kay, a pseudonym) was born prematurely in a Fargo hospital on November 13, 1986, and remained in the hospital for approximately three weeks. After Kay was released from the hospital, T.M. took her and moved into the home of A.H., T.M.'s mother, in Jesse, North Dakota. On December 4, 1986, T.M. and Kay moved into the home of L.G., the paternal grandmother, in Jesse, North Dakota, and resided there until March 1987.

On March 5, 1987, a temporary custody order was issued by the judicial referee of the juvenile court which temporarily removed Kay from the custody of her mother, T.M., and placed the child in the care, custody and control of the Director of the Griggs County Social Service Center.

On March 10, 1987, a petition was filed in juvenile court by the Griggs County State's Attorney alleging that Kay was a deprived child within the meaning of Section 27–20–02(5)(a) of the North Dakota Century Code.

A hearing on the merits of the petition was scheduled before the judge of the juvenile court on April 24, 1987, and was finally completed on May 6, 1987. Following the hearing, the juvenile court concluded that Kay was a deprived child pursuant to the provisions of Section 27–20–02(5)(a) of the North Dakota Century Code[1] and therefore issued an order that the care, custody and control of Kay continue with the Director of the Griggs County Social Service Center for a period not to exceed eighteen (18) months and subject to a continuing review.[2]

At the hearing, allegations of deprivation and testimony concerning several incidents were offered to prove deprivation. There was testimony at the hearing that T.M. and R.G., mother and father, frequently fought or argued while Kay was in close proximity. There was also testimony that T.M. intentionally dropped or threw Kay onto the bed. Additionally, it was testified to that while Kay was in the bedroom with T.M. and R.G. she fell off the waterbed to the floor. Also, there was testimony that T.M. and R.G. took Kay outside in dangerous blizzard conditions. Moreover, there was testimony that T.M. left Kay in the care of her 12–year–old sister while she went to a store in Binford, North Dakota. T.M.'s 12–year–old sister was at the time in charge of her twin 6–year–old brother and sister, a neighbor girl, her 1½–year–old brother, and also was playing with another boy her age. It was alleged at the hearing that Kay was being overfed and that at age 16 T.M. lacks the necessary mothering or parenting skills. Furthermore, there was testimony from Louise Dahl, a social worker, that T.M. made the following statements when she was unable to settle down Kay: "If you don't quit crying, I'm going to spank you."; "It is my baby. I can do what I want with it."; and "If you don't quit crying, I'm going to throw you against the wall." Finally, it was alleged that T.M. spent all but $50.00 of her $300.00 A.F.D.C. check for the month of March on personal items without consideration of the needs of Kay.

The appellants have, pursuant to Section 27–20–56, N.D.C.C., appealed from the juvenile court's order to this Court.[3] On appeal, the appellants contend that the juvenile court erred in its finding that Kay is a deprived child.

A deprived child is defined in Section 27–20–02(5)(a) of the North Dakota Century Code as one who:

"Is without proper parental care or control, subsistence, education as required by law, or other care or control necessary for the child's physical, mental, or emotional health, or morals, and the deprivation is not due primarily to the lack of financial means of the child's parents, guardian, or other custodian;"

1. At the conclusion of the hearing, the juvenile court determined that the allegations of deprivation contained in the petition were substantiated by all the evidence presented and received by the court. Accordingly, the juvenile court concluded that:

"1. In consideration of the totality of the evidence presented, the child is found to be a deprived child pursuant to the provisions of subsection (5)(a) of Section 27–20–02 of the North Dakota Century Code, although individual allegations which have been shown to the Court do not of and by themselves constitute deprivation.

"2. The child, [K.R.A.G.], is without proper parental care or control as required by law, or other care or control necessary for the child's physical, mental or emotional health, and the deprivation is not due primarily to the lack of financial means of the child's parents, guardian, or other custodian, and the standard of care afforded the child, [K.R.A.G.], does not meet the minimum standard of care in the community.

"3. By clear and convincing evidence, the child [K.R.A.G.] is shown to be a deprived child."

2. In addition, the juvenile court ordered that the Director of the Griggs County Social Service Center make all reasonable attempts to return K.R.A.G. to the custodial parent or parents, and make all reasonable efforts to facilitate and maintain a close parent-child relationship. Furthermore, it was ordered that pursuant to Section 27–20–37, N.D.C.C., the court may be petitioned upon reason for change, modification, vacation of this order or such other relief as may be provided under the statute.

3. John Thelen, guardian ad litem for K.R.A.G., advised counsel for the appellants that he would not be filing a brief in this appeal. Also, R.G., the father of K.R.A.G., chose not to participate in this appeal.

Further, we have held that "proper parental care" means that the efforts of the parents must meet those minimum standards of care which the community will tolerate. *Sexton v. J.E.H.*, 355 N.W.2d 828, 830 (N.D.1984); *Asendorf v. M.S.S.*, 342 N.W.2d 203, 206 (N.D.1983); *In Interest of J.K.S.*, 274 N.W.2d 244, 252 (N.D. 1979).

 It is well established that parents have a constitutional right to the custody and companionship of their children. *Asendorf v. M.S.S.*, *supra;* *In Interest of M.M.C.*, 277 N.W.2d 281, 284 (N.D.1979); *In Re J.Z.*, 190 N.W.2d 27, 29 (N.D.1971). However, this right is not absolute and parents are not entitled to custody of their children under all circumstances. *Asendorf v. M.S.S.*, *supra;* *Interest of R.D.S.*, 259 N.W.2d 636, 638 (N.D.1977); *Bjerke v. D.T.*, 248 N.W.2d 808, 813 (N.D.1976). There is a presumption that parents are fit and the burden of disproving this presumption of parental fitness is on the person challenging it. *Bjerke v. D.T.*, *supra* at 811; *In Re J.V.*, 185 N.W.2d 487, 492 (N.D. 1971). It is also clear that deprivation must be shown by clear and convincing evidence. *Bjerke v. D.T.*, *supra.*

Our scope of review in deprivation cases is governed by Section 27–20–56(1) of the North Dakota Century Code which provides that our review shall be based upon the files, records, and minutes or transcript of the evidence of the juvenile court, giving appreciable weight to the findings of the juvenile court.[4] We are not limited to determining whether or not the juvenile court's findings are clearly erroneous under Rule 52(a) of the North Dakota Rules of Civil Procedure, but instead are allowed to review the evidence in a manner comparable to the former procedure of trial de novo. *In Interest of R.M.B.*, 402 N.W.2d 912, 914 (N.D.1987); *In Interest of J.K.S.*, 356 N.W.2d 88, 92 (N.D.1984). While we

are not bound by the juvenile court's findings, we recognize that the juvenile court has the opportunity to observe the demeanor of the witnesses whereas we only have the cold transcript before us. *In Interest of R.M.B.*, *supra;* *In Interest of J.K.S.*, *supra;* *In Interest of D.S.*, 325 N.W.2d 654, 658–659 (N.D.1982).

Based on our review of the testimony adduced at the hearing, giving appreciable weight to the findings of the juvenile court and its opportunity to observe the demeanor of the witnesses, we believe that the evidence at the hearing clearly and convincingly establishes deprivation within the meaning of Section 27–20–02(5)(a) of the North Dakota Century Code. Accordingly, we conclude that the juvenile court did not err in finding that K.R.A.G. was a deprived child.

The decision of the juvenile court is affirmed.

ERICKSTAD, C.J., and VANDE WALLE, LEVINE and MESCHKE, JJ., concur.

---

4. Section 27–20–56, N.D.C.C., provides in part as follows:

"27–20–56. Appeals.—

"1. An aggrieved party, including the state or a subdivision of the state, may appeal from a final order, judgment, or decree of the juvenile court to the supreme court by filing written notice of appeal within thirty days after entry of the order, judgment, or decree, or within any further time the supreme court grants, after entry of the order, judgment, or decree. The appeal shall be heard by the supreme court upon the files, records, and minutes or transcript of the evidence of the juvenile court, giving appreciable weight to the findings of the juvenile court. The name of the child shall not appear on the record on appeal."